COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


SELEMON S. TAKELE

                                             MEMORANDUM OPINION* BY
v.        Record No. 1604-04-4              JUDGE JAMES W. BENTON, JR.
                                                    MAY 24, 2005
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      E. Preston Grissom, Judge Designate

              Robert W. Gookin for appellant.

              Susan L. Parrish, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


        The trial judge convicted Selemon S. Takele of petit larceny of a library book under Code

§ 18.2-96.  Takele contends that, although he concealed the book under his clothing inside the

library, the evidence was insufficient to prove either asportation of the book or his intent to deprive

the library of possession of the book.  We disagree and affirm the conviction.

                                              I.

        A grand jury indicted Selemon S. Takele for stealing "a book having a value less than two

hundred dollars . . . belonging to Arlington Public Library" and for other offenses not at issue on

this appeal.  At trial, the evidence proved Takele committed a robbery and other offenses in a

department store.  After the robbery, he fled from the store and entered a library, while being

pursued.  Two police officers found Takele in the children's area of the library and detained him

after a struggle.  During a search incident to arrest for robbery, the officers found an Arlington

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

County public library book under the waistband of Takele's pants at the small of his back. The arresting officer testified that Takele's shirt was draped over the book and the top of his pants and that the book was not visible before the officers began the search.

Takele testified he intended to steal the clothes from the department store and then ran into the library to hide from the people who were chasing him. Takele testified he was confused while he was in the library and took the book to read while trying to hide. He admitted the book was concealed under his clothing but said he was confused and was not planning to steal the book.

At the conclusion of the evidence, the trial judge convicted Takele of larceny of the library book and other offenses. Takele appeals the larceny conviction.

## II.

The crime of common law larceny is "defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (citation omitted). To sustain a larceny conviction, the evidence must prove beyond a reasonable doubt the accused's intent to steal and the asportation of the property. Id.

Takele contends the evidence failed to prove both his intent to steal and an asportation of the book. The Commonwealth contends the circumstantial and direct evidence prove both elements beyond a reasonable doubt.

"Intent is the purpose formed in a person's mind at the time an act is committed . . . and often must be inferred from the facts and circumstances of the case, including the actions and statements of the accused." Commonwealth v. Taylor, 256 Va. 514, 519, 506 S.E.2d 312, 314 (1998). The evidence in this case proved Takele hid a library book under his clothing after committing a robbery in the department store. Takele testified that he tried to make himself appear

to be an ordinary user of the library "reading the book." Although he describes his conduct as an effort to "to hide" from his pursuers, his explanation for concealing the book was, "I did not know what I was doing." Clearly, his act of hiding a book under his clothing could not have conveyed to any reasonable person that Takele was reading the book or using it as an ordinary library patron would. From proof of Takele's conduct and his testimony, the trier of fact could find beyond a reasonable doubt that Takele concealed the book with the intent to steal it.

In Bryant, the accused was stopped before she left the store with merchandise she had not purchased. 248 Va. at 180-81, 445 S.E.2d at 668-69. Upholding the conviction, the Supreme Court reiterated the long standing principle that asportation need only be slight when a trespass against possession occurs.

> [The Court] . . . observed in Pritchard [v. Commonwealth, 225 Va. 559, 562, 303 S.E.2d 911, 913 (1983),] that the wrongful or fraudulent taking must be a trespass against the owner's constructive possession. "[T]here can be no trespass against mere custody; trespass can only invade possession and it can be perpetrated as easily by a custodian as by anyone else." Id. (quoting W. Clark & W. Marshall, Law of Crimes § 12.06, p. 849 (7th ed. 1967)).
>
> . . . Even though [the accused] initially may have had bare custody of the items she removed from [the store's] shelves, she committed a trespass that invaded [the store's] constructive possession by removing the items from their packaging and by removing the alarm sensors. Once [the accused] committed the trespass against [the store's] constructive possession, any movement of the items, irrespective of how slight, is sufficient evidence of asportation.

Bryant, 248 Va. at 184, 445 S.E.2d at 670.

Applying these principles to the facts of this case, the evidence proved Takele committed a trespass by secreting the library book beneath his clothing. The library permits users to read its books and to borrow them. That permission does not extend to secreting books under the clothing of the user. "Where there is evidence that an individual has acted in a manner that is

inconsistent with that of a prospective [customer], and has exercised immediate dominion and control over the property, despite his continued presence within the owner's [premises], such conduct establishes sufficient [trespassory] possession to satisfy the elements of larceny." Welch v. Commonwealth, 15 Va. App. 518, 523-24, 425 S.E.2d 101, 104 (1992). Under the circumstances proved by the evidence, the trier of fact could find that Bryant committed a trespass against the library's possession when he hid the book under his clothing. His movements with the hidden book, as he tried to avoid detection and to escape the grasp of the officers, "irrespective of how slight, is sufficient evidence of asportation." Bryant, 248 Va. at 184, 445 S.E.2d at 670.

For these reasons, we affirm the conviction.

Affirmed.